BARKETT, J.,
concurs in part and dissents in part with an opinion, in which
ADKINS and SHAW, JJ., concur.
DR 2-106 Fees for Legal Services
(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
(C) A lawyer shall not enter into an arrangement for, charge, or collect a contingent fee for representing a defendant in a criminal case, nor shall he enter into an arrangement for, charge, or collect any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof.
(D) Charges made by any lawyer or law firm under an approved credit plan shall be only for services actually rendered or cash actually paid on behalf of the client. No higher fee shall be charged and no additional charge shall be imposed by reason of a lawyer’s or law firm’s participation in an approved credit plan.
(E) Every attorney who, in connection with an action or claim for damages for personal injury or for property damages or for death or loss of services resulting from personal injuries based upon tortious con *963 duct of another, including products liability claims, accepts a retainer or enters into an agreement, express or implied, for compensation for services rendered or to be rendered in such action, claim or proceeding, whereby his compensation is to be dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only where such under the following requirements:
(1) The fee arrangement is reduced to a written contract, signed by the client, and by an attorney for himself or for the law firm representing the client. No attorney or firm may participate in the fee without the consent of the client in writing.' Each participating attorney or law firm shall sign the contract or agree in writing to be bound by the terms of the contract with the client, and shall agree to assume the same legal responsibility to the client for the performance of the services in question as if the attorney or law firm were a partner of the other attorneys involved. The client shall be furnished with a copy of the signed contract and any subsequent notices or consents. All provisions of DR 2-107 shall apply to such fee contracts.
(2) The contract shall contain the following provisions:
(a) “The undersigned client has, before signing this contract, received and read The Statement of Client’s Rights, and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to keep to refer to while being represented by the undersigned attorney(s).”
(b) “This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney(s) for the work performed during that time. If the attomey(s) have advanced funds to others in representation of the client, the attorney(s) are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client.”
(F) The contract for representation of a client in a matter set forth in DR 2-106(E) may provide for a contingent fee arrangement as agreed upon by the client and the attorney, except as limited by the following provisions.
(1) Without prior court approval as specified below, any contingent fee which exceeds the following standards shall be clearly excessive:
(a) 33⅛% of any recovery up to $1 million through the time of filing of an answer or the demand for appointment of arbitrators;
(b) 40% of any recovery up to $1 million through the trial of the case;
(c) 30% of any recovery between $1-2 million;
(d) 20% of any recovery in excess of $2 million;
(e) If a defendant admits liability at the time of filing their initial answers and requests a trial only on damages.
(i) 33V3% of any recovery up to $1 million through trial;
(ii) 20% of any recovery between $1-2 million;
(iii) 15% of any recovery in excess of $2 million;
(f) An additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.
(2) If any client is unable to obtain an attorney of the client’s choice because of the limitations set forth in (F)(1), the client may petition the circuit court for approval of any fee contract between the client and an attorney of the client’s choosing. Such authorization shall be given if the court determines the client has a complete understanding of his or her rights and the terms of the proposed contract. The application for authorization of such a contract can be filed as a separate proceeding before suit or simultaneously with the filing of a complaint. Proceedings thereon may occur before service on the defendant and this aspect of the file may be sealed. Authorization of such a contract shall not bar subsequent inquiry as to whether the fee actual *964 ly claimed or charged is clearly excessive under paragraphs (A) and (B).
(3) ~In cases where the client is to receive a recovery which will be paid to the client on a future structured or periodic basis, the contingent fee percentage shall only be calculated on the cost of the structured verdict or settlement or, if the cost is unknown, on the present money value of the structured verdict or settlement; whichever is less. If the damages and the fee are to be paid out over the long term future schedule then this limitation does not apply. No attorney may separately negotiate with the defendant for that attorney's fees in a structured verdict or settlement where such separate negotiations would place the attorney in a position of conflict.
(G) Before an attorney enters into a contingent fee contract for representation of a client in a matter set forth in DR 2-106(E), the attorney shall provide the client with a copy of the Statement of Client's Rights (in the form approved by the Supreme Court of Florida) and shall afford the client a full and complete opportunity to understand each of the Rights as set forth therein. A copy of the Statement, signed by both the client and the attorney, shall be given to the client to retain and the attorney shall keep a copy in the client’s file. The Statement shall be retained by the attorney with the written fee contract and closing statement under the same conditions and requirements as (H) below.
(H) In the event there is a recovery, upon the conclusion of the representation, the attorney shall prepare a closing statement reflecting an itemization of all costs and expenses, together with the amount of fee received by each participating attorney or law firm. The closing statement shall be executed by all participating attorneys, as well as the client, and each shall receive a copy. Each participating attorney shall retain a copy of the written fee contract and closing statement for six years after execution of the closing statement. Any contingent fee contract and closing statement shall be available for inspection at reasonable times by the client, by any other person upon Order of the Supreme Court of Florida, by a Circuit Judge in Florida, a referee, grievance committee or authorized representatives of the Board of Governors of The Florida Bar.
APPENDIX E
STATEMENT OF CLIENT’S RIGHTS
Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:
1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.
2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days you do not owe the lawyer a fee although you may be responsible for the lawyer’s actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.
3. Before hiring a lawyer, you, the client, have the right to know about the lawyer’s education, training and experi *965 ence. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.
4. Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.
5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.
6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will he or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.
7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs, and liability you might have for attorney’s fees to the other side.
8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer’s fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.
9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer’s ability.
10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.
11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-222-5286, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this *966 disagreement. Usually fee disputes must be handled in a separate lawsuit.
CLIENT SIGNATURE
DATE
ATTORNEY SIGNATURE
DATE